IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMUEL M. ENDICOTT                                                                 PLAINTIFF

v.                                  CIVIL NO. 07-5080

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                     DEFENDANT

## **O R D E R**

Plaintiff Samuel M. Endicott brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act. (Doc. # 1).

On May 30, 2007, the Commissioner filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 5). The defendant states that upon remand, the Appeals Council will determine the impact of the subsequent allowance of benefits on this case. On May 31, 2007, plaintiff filed a response stating he did not object to the motion. (Doc. # 6).

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The

Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

In the present case a transcript has not been filed so a remand pursuant to "sentence four" is not allowed under the statute. However, a remand pursuant to "sentence six" to conduct the further administrative proceedings is allowed under the statute. Based on the foregoing, we find remand appropriate and grant the Commissioner's motion to remand this case to the Commissioner for further administrative action; however, this remand will be pursuant to "sentence six" of section 405(g) rather than "sentence four."

DATED this 7th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)